# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY RAY CHAMBERLAIN,** | CIVIL ACTION NO: 1:12-CV-01272 |
| Petitioner | (Chief Judge Conner) |
| v. | |
| **JOHN E. WETZEL,** Secretary-designee, Pennsylvania Department of Corrections; **LOUIS B. FOLINO,** Superintendent of the State Correctional Institution at Greene; and **MARIROSA LAMAS,** Superintendent of the State Correctional Institution at Rockview, | THIS IS A CAPITAL CASE |
| Respondents | |

## **MEMORANDUM**

This is a capital habeas corpus proceeding brought by a Pennsylvania state prisoner. Following his convictions for first degree murder and related counts, petitioner, Terry Ray Chamberlain, was sentenced to death on May 31, 1994, in the Court of Common Pleas of Bradford County, Pennsylvania. (Doc. 1.) Petitioner's convictions and sentence of death were affirmed by the Pennsylvania Supreme Court on October 14, 2011. See Commonwealth v. Chamberlain, 30 A.2d 381 (Pa. 2011), reargument denied, No. 586 CAP (Dec. 19, 2011). His petition for certiorari review was denied on May 14, 2012. Chamberlain v. Pennsylvania, 132 S. Ct. 2377 (2012).

On July 2, 2012, petitioner filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel. (Doc. 1.) The court granted the motion on July 13, 2012, and petitioner was directed to file a status report apprising the court of the procedural posture of petitioner's state court proceedings and any other pertinent matters on or before January 8, 2013. (Doc. 6.) Petitioner filed his status report on January 8, 2013, informing the court that on September 4, 2012, petitioner filed an initial PCRA petition and unopposed

amended motion for a stay of execution. (Doc. 9.) In the initial PCRA petition, petitioner's state counsel stated petitioner's intent to file an amended PCRA petition with additional claims after a full investigation. (Id.) On September 6, 2012, the Bradford County court issued an order that: (1) stayed petitioner's execution, (2) stated that the court would not act on the initial PCRA petition until such time as petitioner filed an amended PCRA petition, and (3) directed an amended PCRA petition be filed within the one-year limitations period. (Id.)

By order dated November 6, 2013, this court directed petitioner to file a second status report apprising the court of the procedural posture of his state court proceedings and any other pertinent matters on or before November 20, 2013. (Doc. 10.) On November 19, 2013, petitioner filed a petition for writ of habeas corpus, (Doc. 13), and motion for leave to file the petition in excess of the page limitation, (Doc. 11). Also on that date, petitioner filed a motion to stay these federal proceedings or, in the alternative, dismiss the habeas petition without prejudice to allow petitioner to expeditiously exhaust his federal claims in state court. (Doc. 14.) On November 20, 2013, petitioner filed his second status report indicating that on July 15, 2013, he filed his amended PCRA petition. (Doc. 16.) He also informed the court that at an October 2, 2013 status conference, the PCRA court directed the Commonwealth to respond to the amended PCRA petition within ninety (90) days. (Id.) Based on this new information presented in petitioner's second status report, and the fact that this case has yet to proceed beyond the PCRA court, the court will grant petitioner's motion to dismiss the federal habeas petition without prejudice to allow petitioner to expeditiously exhaust his federal claims in state court.

## I. Discussion

### A. Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 1154(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking

3

certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see also Pace v. Diguglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 PA. CONS. STAT. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

### B. **Chamberlain's Petition**

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

4

Unlike <u>Rhines</u> and <u>Heleva</u>, in the case at bar, there is little concern that refusing to grant a stay in this matter will in any way prejudice petitioner's ability to seek federal habeas relief. The statute of limitations on petitioner's federal and state post-conviction proceedings began to run on May 14, 2012. On September 4, 2012, petitioner filed a petition for PCRA relief in the Bradford County Court of Common Pleas. See <u>Commonwealth v. Chamberlain</u>, CP-08-CR-0000226-1993, Criminal Docket Sheet. Thus, the filing of petitioner's PCRA petition tolled the one-year federal limitations period. 28 U.S.C. § 2244(d)(2). Therefore, once petitioner exhausts his claims through the PCRA process, he will have 250 days remaining on his one-year limitations period in which to file a timely federal habeas petition. Because there is no real danger that refusing to grant a stay of these federal proceedings will result in his federal claims becoming time barred, the court will grant petitioner's motion to dismiss the habeas petition without prejudice rather than issue a stay of these proceedings. See <u>Dowling v. Beard</u>, No. 3:06-CV-02085, 2012 WL 6091572 (M.D. Pa. Dec. 7, 2012) (lifting stay of federal proceedings and stay of execution where 252 days remained to timely file federal habeas petition); <u>Dick v. Wetzel</u>, No. 1:10-CV-00988, 2012 WL 5966538 (M.D. Pa. Nov. 29, 2012) (denying stay of federal proceedings where 286 days remained to timely file federal habeas petition); <u>Frey v. Beard</u>, No. 1:07-CV-00260, 2012 WL 5845548 (M.D. Pa. Nov. 19, 2012) (lifting stay of federal proceedings and stay of execution where 228 days remained to timely file federal habeas petition); <u>Housman v. Wetzel</u>, No. 1:11-CV-0167, 2012 WL 983551 (M.D. Pa. Mar. 22, 2012) (denying stay of federal proceedings and lifting stay of execution where 109 days remained to timely file federal habeas petition); <u>Sherwood v. Beard</u>, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where petitioner had "ample time to file a new habeas petition after exhausting his state claims"); <u>Walter v.</u>

Beard, No. 1:09-CV-2465, 2011 WL 5593125 (M.D. Pa. Nov. 17, 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely habeas petition after exhausting her claims in state court); Cummings v. Beard, No. 09-CV-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely habeas petition, a stay under Rhines or Heleva was not warranted).

## II. Conclusion

Because petitioner is afforded ample time to return to this court after he exhausts his state collateral claims, he has failed to satisfy the good cause requirement under Rhines for the issuance of a stay and abeyance order. Consequently, the court will grant petitioner's motion to dismiss the federal habeas petition without prejudice to allow petitioner to expeditiously exhaust his federal claims in state court. (Doc. 14.) A certificate of appealability will be denied. An order consistent with this memorandum follows.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:     December 5, 2013